# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

LYRIC S. CARTER,              :

    Plaintiff,            :

vs.                           :         CA 13-0142-C

CAROLYN W. COLVIN,            :
Acting Commissioner of Social Security,
                                                                                               :

    Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action, pursuant to 42 U.S.C. § 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her application for supplemental security income benefits. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Docs. 25 & 27 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, . . . order the entry of a final judgment, and conduct all post-judgment proceedings.").) Upon a consideration of the administrative record, plaintiff's brief, the Commissioner's brief, and the arguments of the parties at the December 10, 2013 hearing before the Magistrate Judge, it is determined that the Commissioner's decision denying benefits should be affirmed.[1]

---

[1] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Docs. 25 & 27 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.").)

Plaintiff alleges disability due to depression (NOS), ADHD, oppositional defiant disorder, and sexual abuse of a child (victim). The Administrative Law Judge (ALJ) made the following relevant findings:

> **1. The claimant was born on December 24, 1994. Therefore, she was an adolescent on January 14, 2010, the date application was filed, and is currently an adolescent (20 CFR 416.926a(g)(2)).**
>
> **2. The claimant has not engaged in substantial gainful activity since January 14, 2010, the application date (20 CFR 416.924(b) and 416.971** *et seq***.).**
>
> **3. The claimant has the following severe impairments: depression, not otherwise specified; attention deficit hyperactivity disorder; oppositional defiance (sic) disorder; and sexual abuse of a child (victim) (20 CFR 416.924(c)).**
>
> . . .
>
> **4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.924, 416.925 and 416.926).**
>
> . . .
>
> **5. The claimant does not have an impairment or combination of impairments that functionally equals the severity of the listings (20 CFR 416.924(d) and 416.926a).**
>
> . . .
>
> **6. The claimant has not been disabled, as defined in the Social Security Act, since January 14, 2010, the date the application was filed (20 CFR 416.924(a)).**

(Tr. 24 & 33 (emphasis in original).) The Appeals Council affirmed the ALJ's decision (Tr. 1-3) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

2

## DISCUSSION

In all supplemental security income cases, including the present one involving a claimant under the age of 18, the task for the Court is to determine whether the ALJ's decision denying benefits is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).[2] Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue,* 370 Fed.Appx. 995, 996 (11th Cir. Apr. 1, 2010) (per curiam), citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). Indeed, "'[e]ven if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is supported by substantial evidence.'" *Id.*, quoting *Crawford v. Commissioner of Social Security,* 363 F.3d 1155, 1158-1159 (11th Cir. 2004).

In this case, the plaintiff contends that the ALJ erred in failing to make a credibility determination regarding her mother's hearing testimony in violation of SSR 96-7p and, further, his decision to give only some weight to the assessment of her ninth grade history teacher was not fully explained or based on substantial evidence.

An individual under the age of 18 is considered disabled if

> [s]he has a "medically determinable physical or mental impairment[] which results in marked and severe functional limitations." The Social Security regulations establish a three-step process for determining whether a child is disabled. Under the first step, the ALJ considers

---

[2] This Court's review of the Commissioner's application of legal principles, however, is plenary. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

whether the child has engaged in any substantial gainful activity. At step two, the ALJ considers whether the child has an impairment or combination of impairments that is severe. At step three, the ALJ must decide whether the child's impairment meets, medically equals, or functionally equals a listed impairment.

In determining whether an impairment functionally equals a listed impairment, the ALJ must consider the child's ability to function in six different "domains": (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) "caring for yourself;" and (6) health and physical well-being. If the child has "marked" limitations in two of these domains, or an "extreme" limitation in any one domain, then h[er] impairment functionally equals the listed impairments, and [s]he will be found to be disabled. A "marked" limitation is one that seriously interferes with the child's ability to initiate, sustain, or complete activities. An extreme limitation is one that "very seriously" interferes with the child's ability to initiate, sustain, or complete activities.

*Coleman ex rel. J.K.C. v. Commissioner of Social Security*, 454 Fed.Appx. 751, 752 (11th Cir. Dec. 9, 2011) (internal citations omitted). In the instant case, the ALJ determined that plaintiff: (1) "**has not engaged in substantial gainful activity since January 14, 2010, the application date**" (Tr. 24); (2) "**has the following severe impairments: depression, not otherwise specified; attention deficit hyperactivity disorder; oppositional defiance (sic) disorder; and sexual abuse of a child (victim)**" (*id*.); (3) "**does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments**" (*id*.); and (4) "**does not have an impairment or combination of impairments that functionally equals the listings**[.]" (*Id.; see also id*. at 25-33.)

The plaintiff's first assignment of error is that the ALJ erred in failing to make a credibility determination regarding her mother's hearing testimony in violation of SSR 96-7p. The plaintiff is correct, of course, that SSR 96-7p requires the ALJ to set forth specific reasons for his credibility findings, supported by evidence in the record, and while the "discussions" in this ruling refer to claims of individuals age 18 or older

under title XVI, "the same basic principles . . . apply to claims of individuals under age 18 claiming disability benefits under title XVI." *See* SSR 96-7p, n.1. Here, however, the undersigned disagrees with plaintiff's argument and finds that the ALJ made a sufficient credibility determination regarding the mother's testimony.

> The claimant's mother alleges that the claimant is disabled due to depression, ADHD, posttraumatic stress disorder, and suicidal ideation. The claimant's mother testified that the claimant has bad mood swings, gets angry and depressed, does not have any friends,[3] does not get along with others, and is always fighting. The claimant's mother also testified that the claimant has been suspended from school several times, that she cannot keep in her seat or stay focused. Additionally, the claimant's mother reported that the claimant has difficulties concentrating and controlling her anger.
>
> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, the statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with finding that the claimant does not have an impairment or combination of impairments that functionally equals the listings *for the reasons* explained below.

(Tr. 25-26 (emphasis supplied).)[4] The ALJ then explained his reasons for this credibility determination, namely: (1) there was no evidence of record of any mental health treatment after April of 2011 and although there were periods of time when Carter had some significant symptoms, her symptoms ultimately improved such that by the date of

---

[3] Martin's hearing testimony that her daughter "has no friends[]" (Tr. 41) is simply not borne out by the record (*compare, e.g.*, Tr. 171 (Carter's student profile on her Individualized Education Program for School Year 2011-2012 reflects that she likes "hanging out with her friends") *with* Tr. 271 & 273 (referencing a boyfriend and her mother allowing her to "do things with peers")).

[4] In making this finding, it is clear that the ALJ was not totally rejecting the mother's testimony. In other words, "it is evident that the ALJ credited plaintiff's mother's allegations of symptoms, but not to an extent sufficient to find that plaintiff's limitations were severe enough to functionally equal those of a listed impairment." *McMillian ex rel. A.T.F. v. Astrue*, 2012 WL 4478783, *8 n.18 (M.D. Ala. Aug. 17, 2012), *report and recommendation adopted*, 2012 WL 4478780 (M.D. Ala. Sept. 27, 2012), *aff'd,* 521 Fed.Appx. 801 (11th Cir. Jun. 6, 2013).

the hearing those symptoms were well-controlled with proper use of medication[5] (*see* Tr. 26);[6] (2) the report of the consultative psychologist dated April of 2010 revealed benign symptoms (Tr. 26-27); and (3) while plaintiff did experience behavioral problems when she attended Blount High School, her symptoms basically resolved when she transferred to the Continuous Learning Center (*see id*. at 27). In addition to the foregoing, the ALJ considered Martin's January 19, 2010 Function Report in evaluating the six functional equivalence domains. (*See* Tr. 27-33.) Accordingly, the Court finds that the ALJ's credibility determination comports with SSR 96-7p and the relevant inquiry "specified by the Eleventh Circuit for analyzing subjective complaints." *McMillian ex rel. A.T.F., supra,* at *8.

Plaintiff's only other assignment of error is that the ALJ's decision to give only "some" weight to the assessment of her ninth grade history teacher is not fully explained or based on substantial evidence. The ALJ specifically stated that he was according "some weight to the assessment of the claimant's ninth grade history teacher []; however, it is not clear whether the ratings given are based on a diagnosed medical condition." (Tr. 27.) And while plaintiff appears to criticize the ALJ for recognizing the teacher's failure to link her ratings with a diagnosed medical condition (*see* Doc. 14, at 5 ("[A]s noted above, medical diagnoses of depressive disorder, ADHD, ODD, and sexual abuse of a child (victim) are evident in records from AltaPointe Mental Health.")), there is simply nothing in the record which would suggest that the history teacher was aware

---

[5] Indeed, it was Latonya Martin's explicit testimony at the August 10, 2011 administrative hearing that when her daughter is "on the medicine she's more calm and she'll listen, but it still takes her a minute to do little things. But when she's not on the medicine she's a whole different person." (Tr. 42.)

[6] The mental health records from the latter portion of 2010 through April of 2011 reflect normal symptoms and a stable condition. (*See* Tr. 267-297.)

of Carter's mental health treatment and diagnoses. Regardless of the foregoing, plaintiff simply does not establish how the ALJ's decision to accord only "some" weight to the teacher's assessment, as opposed to significant weight, would have necessarily changed the functional equivalence analysis. *Cf. Delosa ex rel. A.L.D. v. Commissioner of Social Security,* 2013 WL 4002329, *3 (M.D. Fla. Aug. 6, 2013) (court noted that the ALJ not only considered the evaluations submitted by the child's teachers, "she also gave them weight: . . . [specifically] 'some weight.'"). First, with respect to every domain of that analysis, save health and physical well-being, the ALJ specifically considered the teacher's assessment ratings in making his "limitation" determination. (*See* Tr. 27-33.)[7] More importantly, while plaintiff argues that her ninth grade history teacher's ratings equate to "marked impairments in attending and completing tasks and interacting and relating with others[]" (Doc. 14, at 5), not only does she fail to cite to any case law which supports that argument but, as well, the evidence of record is to the contrary. Indeed, the ALJ's "domain" limitations are supported by: (1) the May 20, 2010 assessment completed by Dr. Linda Duke after a record review, including a review of the teacher's assessment (Tr. 252-257); (2) the April 20, 2010 objective findings of consultative examiner Dr. Jennifer M. Jackson, including no limitations identified with respect to orientation, concentration and attention,[8] memory, fund of information, thought

---

[7] Plaintiff's ninth grade teacher, of course, did not evaluate the domain of health and physical well-being. (*See* Tr. 130-135.) And while plaintiff's ninth grade history teacher also did not evaluate the domain of moving about and manipulating objects (*see id*.), it was not erroneous for the ALJ to note that "claimant's teacher [did not] report[] any difficulties in moving about and manipulating objects[.]" (Tr. 31.)

[8] "Lyric attended to instructions without apparent difficulty. Her attention span seemed appropriate. She did not appear to have trouble concentrating. She did not seem easily distracted. Lyric was able to subtract serial 7's correctly. She could add 4+5 and subtract $6 from $10. She could count backward from 20 to 1. She was able to spell 'world' backward." (Tr. 249.)

7

process, and thought content (Tr. 249); (3) education records from the Continuous Learning Center in the spring of 2011 reflecting better grades and comments from her science teacher that she was cooperative and motivated to learn and from her remedial math teacher that her conduct was satisfactory (Tr. 182); and (4) the mental health records supplied by AltaPointe Health Systems from the latter portion of 2010 through April of 2011 (Tr. 267-297). Thus, even assuming the ALJ somehow erred in according only "some" weight to the ninth grade teacher's assessment, such error was harmless since substantial evidence in the record supports the ALJ's ultimate determination—the only determination to which the teacher's assessment has any import—that plaintiff's impairments are not functionally equivalent to a listed impairment. *Cf. Swilling ex rel. L.G.M.W. v. Astrue,* 2011 WL 2982522, *3 (M.D. Ala. July 22, 2011) ("Even though[] the ALJ did not specifically state he considered the teacher's questionnaire, his general comment about opinion evidence is sufficient to show that he did consider all the evidence. Moreover, even if it was error, it is harmless. The opinion of the ALJ shows that he carefully considered the evidence in this case and was extremely familiar with it. A remand is not required.").

## CONCLUSION

In light of the foregoing, it is **ORDERED** that the decision of the Commissioner of Social Security denying the claimant's application for supplemental security income benefits be affirmed.

**DONE** and **ORDERED** this the 13th day of December, 2013.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**